## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Angie Lorenzo, | : |
| Plaintiff, | : Civil Action No.: 3:15-cv-50030 |
| v. | : |
| National Recovery Services, LLC (NY); and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Angie Lorenzo, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1, *et seq.*

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Angie Lorenzo ("Plaintiff"), is an adult individual residing in Dekalb, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, National Recovery Services, LLC ("NRS"), is a New York business entity with an address of 90 Slate Creek Drive, Apartment 11, Cheektowaga, New York 14227, operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by NRS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      NRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to NRS for collection, or NRS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  NRS Engages in Harassment and Abusive Tactics**

## FACTS

12.     Within the last year, NRS contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation, NRS threatened to go to Plaintiff's job and serve her with legal documents. Furthermore, NRS threatened to sue Plaintiff if she did not immediately make a payment.

14.     To date, NRS has failed to sue Plaintiff.

15.      During the same conversation, Plaintiff verbally disputed the validity of the Debt.

2

Despite Plaintiff's verbal dispute, NRS failed to report the Debt as disputed to the credit bureaus.

16.    NRS's false threats and failure to report the alleged Debt as disputed caused Plaintiff significant inconvenience and concern.

**C.  Plaintiff Suffered Actual Damages**

17.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

19.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

21.    The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22.    The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

23.    The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed to the credit bureaus.

24.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used

unfair and unconscionable means to collect a debt.

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT**
**225 ILCS 425/1,** ***et seq.***

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1ˢᵗ Dist. 1979).

29.     National Recovery Services, LLC, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

30.     The Defendants' conduct violated 225 ILCS 425/9(a)(18) in that Defendants disclosed or threatened to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the Plaintiff without disclosing the fact that the Plaintiff disputes the debt.

31.     The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendants as follows:

      1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages;

      2.  Against each of the named the Defendants, awarding the Plaintiff statutory

damages;

      3.  Against the named Defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney's fees ;

      4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

      5.  Granting the Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 12, 2015

Respectfully submitted,

By  /s/ Sergei Lemberg       

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff

5